UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JEROME WARRIOR,<br><br>    Defendant. | 5:15-CR-50151-KES<br><br>**ORDER<br>DENYING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Jerome Warrior, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 517. The Federal Public Defender submitted the motion on Warrior's behalf. *See id.* Plaintiff, the United States of America, opposes Warrior's motion. Docket 520. Warrior filed a reply to the government's opposition. Docket 521. For the following reasons, Warrior's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's

instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827.

On July 8, 2016, Warrior pleaded guilty before Magistrate Judge Daneta Wollmann to aiding and abetting second degree murder in violation of 18 U.S.C. §§ 1111(a), 1153, and 2. Docket 62 at 1; Docket 174. On July 20, 2016, District Court Judge Jeffrey Viken adopted Magistrate Judge Wollmann's recommendation that Warrior's guilty plea be accepted. Docket 185. At the

time of Warrior's sentencing, his guideline range, based on a total offense level of 31 and a Criminal History Category of III, was 135–168 months in custody. Docket 216 ¶ 60. He had a total of 4 criminal history points, which included 2 "status points" for committing his offense while under a criminal justice sentence. *Id.* ¶¶ 26–30. On October 24, 2016, the court sentenced Warrior at the high end of his guideline range to a term of 168 months imprisonment. Docket 247 at 2.

On July 16, 2024, Warrior filed a motion requesting a reduced sentence pursuant to Part A to Amendment 821 to the Sentencing Guidelines. Docket 517. Warrior argues that under the amended guidelines, he no longer receives two status points for committing his offense while under a criminal justice sentence, and that this change impacts his guideline range. *See id.* at 4–5.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to

3

occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Because Warrior had 6 or fewer criminal history points, under the amended U.S.S.G. § 4A1.1(e) he is eligible for 2 less criminal history points. With that reduction, Warrior receives 0 "status points," which gives him a total of 2 criminal history points. That decrease places him in Criminal History Category II which, when coupled with his total offense level of 22, reduces his advisory guideline range to 121–151 months in custody. *See* U.S.S.G., Ch. 5, Pt. A. Thus, Warrior is eligible for a sentence reduction at step one.

Nonetheless, at step two of the analysis, Warrior's motion does not pass muster. After considering the policy statement at U.S.S.G. § 1B1.10 and the sentencing factors set forth at 18 U.S.C. § 3553(a), the court finds that a sentence reduction is not warranted. The court agrees with the government's characterization of Warrior's conduct while incarcerated as "utterly abysmal." Docket 520 at 6. Warrior's BOP disciplinary record shows that he committed many infractions between his sentencing and the instant motion. Docket 519 at 1–6. Of particular concern to the court are infractions involving violence, because the court considers those offenses particularly probative of whether a lesser sentence would adequately "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Warrior's BOP record shows that he was sanctioned for assaulting without serious injury for incidents occurring on March 11, 2024, and October 12, 2021. Docket 519 at 1–2. Warrior was also sanctioned for fighting with another person for incidents occurring on November 24, 2022, October 3, 2019, and November 9, 2017. *Id.* at 2, 4–5.

Other concerning incidents included three reports of possessing a dangerous weapon and two instances of possessing suboxone. *Id.* at 3–5. Although Warrior has only committed one offense since 2022, the fact that he was sanctioned for a violent offense as recently as March of this year weighs heavily against a sentence reduction.

     In addition to Warrior's post-sentencing conduct, the nature and circumstances of the underlying offense weigh against a sentence reduction. Warrior was part of a group of men and boys that beat the victim to death after catching him unawares in his tent. Docket 216 ¶¶ 6–9. When the victim tried to flee his assailants, Warrior "brought [him] to the ground and struck him 3–4 times in the face with his boot." *Id.* ¶ 6. The nature and circumstance of the offense raise serious doubts as to whether a sentence less than 168 months would sufficiently protect the public from further crimes by Warrior. *See* § 3553(a)(2)(C).

     In considering whether to exercise its discretion to grant a sentence reduction, the court must also consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,]" as well as "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B). Consideration of these factors confirms that a sentence reduction is not warranted under the circumstances of Warrior's case. The sentence initially imposed reflects the seriousness of his offense and adequately deters criminal conduct by the general public and Warrior himself. The latter is of special concern due to Warrior's continued acts

of violence while in custody. Based on the considerations outlined above, Warrior's request for a sentence reduction is denied.

## CONCLUSION

It is ORDERED that Warrior's motion (Docket 517) is DENIED.

Dated August 30, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE